**Margaret Boyd, Defendant in Error, v. Arthur Foster, Plaintiff in Error.**

**Gen. No. 21,675.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed December 19, 1916.

### Statement of the Case.

Action by Margaret Boyd, plaintiff, against Arthur Foster, defendant, to recover damages for negligence of the defendant as an architect in designing, planning and superintending the construction of a building and also the construction of an adjoining sidewalk, both the building and the sidewalk being constructed at a grade below that established by the city. From a judgment for plaintiff, defendant brings error.

During the course of construction of the building the error was discovered, and it became necessary in order to have the sewer laid below the basement floor to raise the latter. The basement walls, however, were not heightened, which resulted in a somewhat lower ceiling in the basement, and also resulted, as the sidewalk had to be relaid and raised to grade, in bringing the first floor on a level with the street grade, necessitating the construction of bulkheads about the basement windows.

WILLIAM B. JARVIS, for plaintiff in error.

GORMAN, POLLOCK & LIVINGSTON, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ARCHITECTS AND ENGINEERS, § 16*—*when cost of raising walls is not shown.* In an action against an architect to recover damages for negligence in designing, planning and superintending the construction of a building and the construction of the adjoining sidewalk, and in which the plaintiff sought to recover the reasonable cost of restoring the property to the condition contemplated by the accepted plans by raising the basement walls in conformity therewith, the reasonable cost of such work is not established by proof consisting of the testimony of a builder that two years previous he proposed to make such change for a specified sum.

2. TRIAL, § 91*—*when specific objection to admission of evidence is unnecessary.* A specific objection to the admission of evidence is unnecessary where it is manifest that the offered proof has no probative value whatever.

3. ARCHITECTS AND ENGINEERS, § 16*—*what evidence is inadmissible on question of damages in action for negligence.* In an action by the owner of a building against an architect to recover damages for negligence in designing, planning and supervising the construction of a building and an adjoining sidewalk, as the result of which the building and sidewalk were constructed below the grade required by the city, evidence consisting of the testimony of the builder to the fact that two years previously he proposed to make the necessary change for a specified sum is inadmissible upon the question of damages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.